United States District Court
Southern District of Texas
**ENTERED**
June 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Erik Davis, *Plaintiff*, | § § § | |
| v. | § § | Civil Action H-20-2349 |
| Joseph Galagaza, et al., *Defendants*. | § § § | |

# Memorandum and Recommendation

Pending before the court is Defendants' motion to dismiss based on res judicata and collateral estoppel. (D.E. 23.) This motion is before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). For the reasons detailed below, the court recommends that the motion to dismiss be GRANTED.

## 1. Background[1]

In his operative pleading, Erik Davis alleges that Joseph Galagaza, Jackson Lewis P.C.[2] (Jackson Lewis), Protect Controls Incorporated (PCI), and PCI Flexible Spending Account Plan defrauded Davis in connection with the settlement of a 2009 lawsuit. (D.E. 28.) Defendants move to dismiss, asserting that all of Davis's claims

---

[1] The factual allegations, taken as true for purposes of the motion to dismiss, are found in the second amended complaint (D.E. 28) unless stated otherwise.
[2] Formerly known as Jackson Lewis L.L.P. (D.E. 23 at 1.)

were previously adjudicated and are now barred under res judicata and collateral estoppel. (D.E. 23.)

### A. Previously Adjudicated Related Cases

#### i. *Davis v. Protect Controls*, No. 2009-76394 (11th Dist. Ct., Harris Cnty., Tex. Nov. 25, 2009).

In 2009, Davis sued his employer, PCI, for employment discrimination in *Davis v. Protect Controls*, No. 2009-76394 (11th Dist. Ct., Harris County, Tex. Nov. 25, 2009). Galagaza, a lawyer with Jackson Lewis, represented PCI. John Sekumade, with the Sekumade Law Firm, represented Davis. During the discovery process, the parties also discussed a flexible spending account reimbursement under the Employee Retirement Income Security Act (ERISA). (D.E. 23-4 at 44.) The case settled in 2010. Davis purportedly signed a settlement agreement that released PCI from future liability for discrimination and ERISA-related claims. *Id.* at 51–54.

#### ii. *Davis v. Sekumade*, No. 2011-16071 (295th Dist. Ct., Harris Cnty., Tex. Mar. 15, 2011).

In 2011, Davis sued his former lawyer, Sekumade, in *Davis v. Sekumade*, No. 2011-16071 (295th Dist. Ct., Harris Cnty., Tex. Mar. 15, 2011). Davis alleged that Sekumade settled the 2009 employment discrimination case without Davis's authorization and failed to remit the settlement funds to Davis. Davis asserted claims of negligence, breach of contract, breach of fiduciary duty, fraud, and violations of several Texas statutes. The state court awarded Davis over $1,800,000 by a default judgment. (D.E. 23-1.)

> iii. *Davis v. Galagaza*, No. 2014-66506 (151st Dist. Ct., Harris Cnty., Tex. Nov. 13, 2014).

In 2014, Davis sued Galagaza, Jackson Lewis, and PCI in *Davis v. Galagaza* (*Davis 2014*), No. 2014-66506 (151st Dist. Ct., Harris Cnty., Tex. Nov. 13, 2014). Davis alleged that Galagaza, Jackson Lewis, and PCI knew that Sekumade settled the 2009 employment discrimination case without Davis's authorization and concealed documentation surrounding the transaction. Davis asserted claims of fraud, intentional infliction of emotional distress, aiding and abetting a breach of fiduciary duty, and civil conspiracy. (D.E. 23-2.) The state trial court granted summary judgment in favor of Defendants, adjudicating "all outstanding claims and parties." Final Order, *Davis 2014*, 2016 WL 3996795, at *1 (Feb. 11, 2016). The state appellate court affirmed the trial court's judgment in April 2017. (D.E. 23-3.)

> iv. *Davis v. Galagaza*, No. 2017-48122 (151st Dist. Ct., Harris Cnty., Tex. July 20, 2017) and *Davis v. Protect Controls Inc. Flexible Acct. Plan*, No. 4:17-cv-2677 (S.D. Tex. 2017).

In 2017, Davis again sued Galagaza, Jackson Lewis, PCI, and PCI Flexible Spending Account Plan in *Davis v. Galagaza*, No. 2017-48122 (151st Dist. Ct., Harris Cnty., Tex. July 20, 2017). Davis again alleged that Galagaza, Jackson Lewis, and PCI knew that Sekumade settled the 2009 employment discrimination case without Davis's authorization and concealed documentation surrounding the transaction. He also alleged that the settlement paperwork showed that Defendants fraudulently concealed reimbursable funds held in a flexible spending account.

Davis asserted claims of misrepresentation, breach of contract, breach of fiduciary duties, and violations of ERISA. (D.E. 23-4.)

Defendants removed the 2017 case to federal court on September 5, 2017, relying on federal question jurisdiction. *See Davis v. Protect Controls Inc. Flexible Acct. Plan* (*Davis 2017*), No. 4:17-cv-2677 (S.D. Tex. 2017). In December 2017 the court held a pretrial conference and "[h]eard extensive explanation by Plaintiff about his claims." *Davis 2017*, ECF No. 24. Davis amended his complaint[3] and filed numerous motions and other documents. Judge Atlas granted Defendants' motion for summary judgment based on res judicata. (D.E. 23-5.)

Davis moved for a new trial, which the court denied. Memorandum and Order, *Davis 2017*, 2018 WL 3589087, at *1 (S.D. Tex. June 14, 2018). Defendants moved for sanctions. The court denied the motion but "caution[ed] [Davis] that he [would] be subject to sanctions if he refile[d] these claims, in state court or in federal court, in the future." *Id.* at *3 n.1. On June 18, 2018, the United States Court of Appeals for the Fifth Circuit dismissed Davis's appeal for want of prosecution. (D.E. 23-6.) One month later, Davis moved to amend and reinstate the appeal, which the Fifth Circuit denied on April 18, 2019.

---

[3] The amended pleading also alleged claims against Walter Davis, Don Davis, and Sekumade. *Davis* 2017, ECF No. 18. They were not served with process and did not appear in the lawsuit. (D.E. 23-5.)

4

      v.    *Davis v. Galagaza*, No. 4:19-cv-3119 (S.D. Tex. Aug. 20, 2019).

On August 1, 2019, Davis filed a fifth amended petition in *Davis 2014*. Defendants filed a notice of removal on August 20, 2019, before the state court could decide if it would grant leave for Davis's fifth amended petition. Judge Atlas determined that the fifth amended petition was "not a cognizable pleading" and could not support removal jurisdiction. *Davis v. Galagaza*, No. CV H-19-3119, 2019 WL 4757457, at *2 (S.D. Tex. Sept. 30, 2019). The case was remanded for lack of subject matter jurisdiction. *Id.* at *3. On November 4, 2019, the state trial court denied Davis leave to file his fifth amended pleading in *Davis 2014*.

### B. Current Case

On July 2, 2020, Davis again sued Galagaza, Jackson Lewis, PCI, PCI Flexible Spending Account Plan, Don Davis, Walter Davis, Sekumade, and Sekumade Law Firm. (D.E. 1.) Like his 2017 state court pleading, Davis's 2020 federal complaint alleges that Defendants knew that Sekumade settled the 2009 employment discrimination case without Davis's authorization, concealed documentation surrounding the transaction, and fraudulently concealed reimbursable funds held in a flexible spending account. Like the 2017 pleading, the 2020 complaint appears to allege claims of misrepresentation, breach of contract, breaches of fiduciary duty, and causes of action under ERISA. *Id.*

Between July and September 2020, Davis filed over ten motions, affidavits, and other pleadings with the court, many of which were duplicates of others. (D.E. 4;

5

D.E. 5; D.E. 6; D.E. 8; D.E. 11; D.E. 12; D.E. 14; D.E. 16; D.E. 17; D.E. 18; D.E. 19; D.E. 20; D.E. 21.) On August 3, 2020, Davis filed a motion asking the court to permit him to serve summonses. (D.E. 4.) Two days later, the court denied Davis's motion but explained the process for service under Federal Rule of Civil Procedure 4 and directed him to the Southern District of Texas's pro se guide to litigation. (D.E. 9.) Despite not being properly served, on September 8, 2020, Galagaza and Jackson Lewis moved to dismiss Davis's complaint under Rule 12(b)(6) and the doctrines of res judicata and collateral estoppel. (D.E. 23.) They also asked the court to designate Davis as a vexatious litigant. *Id.* at 4.

On September 9, 2020, Davis and counsel for Galagaza and Jackson Lewis appeared before the court. (D.E. 24.) Galagaza and Jackson Lewis waived service of process and the court ordered Davis to serve the remaining Defendants by October 9, 2020. The court also addressed Defendants' motion to dismiss and asked Davis if he had previously filed the same claims asserted now against the same Defendants. Davis answered "yes and no." He explained, on the record, that his previous complaint, dismissed with prejudice by Judge Atlas, did not raise the ERISA claims that his current suit raises. The court warned Davis that he could not cut and paste his pleadings from other cases and suggested that he reread the motion to dismiss to determine if a voluntary dismissal would be in his best interest. If Davis decided to

move forward with his claims, the court limited his response to the motion to dismiss to twenty pages.

On September 22, 2020, Davis filed an amended pleading naming only PCI, PCI Flexible Spending Account Plan, Galagaza, and Jackson Lewis as Defendants. (D.E. 28.) The court ordered that the September 22 pleading be the operative pleading and that Defendants need not respond. (D.E. 30.) Davis also filed a 162-page response to the motion to dismiss. (D.E. 29.) In the first two paragraphs of the response, Davis asserts that the operative pleading does state a plausible claim for relief and that Defendants' defenses must be made before a responsive pleading. *Id.* at 1–2. The remaining pages include excerpts of federal statutes and the Constitution, a copy of a motion to dismiss that Defendants filed in *Davis 2014*, and a copy of the operative pleading. *Id.* at 2–162.

On October 6, 2020, PCI and PCI Flexible Spending Account Plan moved to join Galagaza and Jackson Lewis's motion to dismiss. (D.E. 32.) The court granted joinder and thus considers the motion to dismiss to apply to all Defendants listed in the operative pleading—PCI, PCI Flexible Spending Account Plan, Galagaza, and Jackson Lewis. (D.E. 37.)

## 2. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive

7

a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen*, 907 F.3d at 177 (quoting *Twombly*, 550 U.S. at 555).

The court liberally construes pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

## 3. Analysis

Defendants move to dismiss Davis's claims based on res judicata and collateral estoppel. They argue that Davis's complaints have been raised and fully resolved in prior proceedings.

The court understands Davis to argue that res judicata is an affirmative defense that must be raised in a responsive pleading. (D.E. 29 at 1.) While this is generally true, "dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent on the face of the pleadings." *Clyce v. Farley*, 836 F. App'x 262, 267 (5th Cir. 2020) (quoting *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). Documents "attach[ed] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). The court may take judicial notice of documents that are public record. *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

Throughout Davis's operative pleading, he cites to the state court actions and recites factual narratives of the previously adjudicated proceedings. (D.E. 28 at 36, 99, 107, 109, 113, 119.) The state court and the federal court proceedings are matters of public record. Moreover, copies of pleadings and judgments in the prior suits were attached to Defendants' motion to dismiss. (D.E. 23-1; D.E. 23-2; D.E. 23-3;

D.E. 23-4; D.E. 23-5; D.E. 23-6.) Accordingly, the court may also take judicial notice of the prior proceedings and the related exhibits. *Clyce*, 836 F. App'x at 267.

### A. Res Judicata and Collateral Estoppel

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). In Texas, res judicata requires: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). "To be a final judgment, a summary judgment must dispose of all the parties and issues in a lawsuit." *McGowen v. Huang*, 120 S.W.3d 452, 461 (Tex. App.—Texarkana 2003, no pet.). A final judgment extinguishes the right to bring a future suit on matters factually connected to the litigated transaction. *Citizens Ins. Co. of Am.*, 217 S.W.3d at 449. "This should be done pragmatically, 'giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting *Barr v. Resol. Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631

(Tex. 1992)) ("Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit.").

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Higgs v. Colliau*, 588 B.R. 460, 464 (W.D. Tex. 2018) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). "To establish collateral estoppel under federal law, one must show: (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action." *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009).

In 2017, the 151st District Court of Harris County, Texas, considered all of the motions and pleadings in *Davis 2014* and rendered a final judgment. Final Order, *Davis 2014*, 2016 WL 3996795, at *1 (Feb. 11, 2016). The parties in *Davis 2014* were Galagaza, Jackson Lewis, and PCI. These are the same parties in Davis's current action. In *Davis 2014*, Davis alleged that Defendants knew Sekumade settled the 2009 employment discrimination case without Davis's authorization and concealed documentation surrounding the transaction. According to the operative pleading in the current case, in September 2014 Davis learned that claims related to

11

his flexible spending account were included in the 2009 case settlement. He alleges that Defendants concealed the information about the flexible spending account and included it in the 2009 case settlement to deprive him of an ERISA reimbursement. When Davis filed his original petition in *Davis 2014* two months later, he knew that claims for flexible spending account reimbursements were a part of the 2009 case settlement. While his original pleading in *Davis 2014* did not brief the flexible spending account issue, Davis's court filings make clear that the claims for reimbursement were factually related to and arose out of the same facts alleged in *Davis 2014*. Davis could have raised them in *Davis 2014*. The fact that he chose not to does not preserve a right to assert them later. Res judicata bars him from relitigating his claims.

Moreover, the ERISA issue was fully resolved in *Davis 2017*. In that case, Davis alleged that Defendants wrongfully withheld the same flexible spending reimbursement at issue in the current case. (D.E. 23-4.) Following seven months of litigation, Judge Atlas granted Defendants' motion for summary judgment and dismissed all of Davis's claims with prejudice. *See* Final Judgment, *Davis 2017* (Apr. 13, 2018), ECF No. 49. Judge Atlas's final judgment constituted a final judgment for purposes of res judicata. *See Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003) ("A dismissal with prejudice is a final judgment on the merits.").

The current action is based on the same facts resolved in 2017, so much so that the factual allegations in the operative pleading are direct quotations from the 2017 pleading, despite the court's admonishments not to recycle prior pleadings. *Compare* D.E. 28 at 37–39, *with* D.E. 23-4 at 4–6; *compare* D.E. 28 at 45–49, *with* D.E. 23-4 at 8–11; *compare* D.E. 28 at 61–75, *with* D.E. 23-4 at 17–27. The court was able to recognize the reiterations because the same words, sentences, and paragraphs are bolded and italicized in both the 2017 original pleading and the 2020 operative pleading. Some paragraphs are even repeated several times within the operative pleading. *Compare* D.E. 28 at 30–31 *with* D.E. 28 at 37. On the court's review of the operative pleading, Davis has presented nothing new. His factual allegations are identical to allegations litigated in the past. The claims and issues asserted in the operative pleading were resolved on their merits years ago.

Because the parties, claims, and issues that were resolved in *Davis 2014* and *Davis 2017* are identical to those in the current action, both res judicata and collateral estoppel bar all of Davis's claims.

### B. Vexatious Litigant

Defendants ask the court to designate Davis as a vexatious litigant to prevent him from further filings without the express permission of the court. "A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir.

2008) (collecting cases). "When considering whether or not to impose a pre-filing injunction, district courts consider four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative law suits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanction."

*Yazdchi v. Wells Fargo, N.A.*, No. CV H-15-568, 2017 WL 10153537, at *2 (S.D. Tex. Aug. 4, 2017) (quoting *Baum*, 513 F.3d at 187). "Such a sanction generally requires a prior warning." *Flores v. Dep't of Treasury*, No. CIV.A. H-06-3447, 2007 WL 1100459, at *1 (S.D. Tex. Apr. 9, 2007).

Davis has a history of filing lengthy and repetitive pleadings against Defendants in both state and federal courts, rehashing identical facts and claims. In September 2020, the court warned Davis that he could not copy and paste his pleadings from other cases. It also explained the extent of the burden on the court and the parties and ordered Davis to review Defendants' motion to dismiss to determine whether a voluntary dismissal was appropriate. Davis's operative pleading, filed after the court's warnings, includes exact reiterations of earlier pleadings. Davis has not shown a good faith basis for pursuing his litigation again.

A review of both state and federal court records shows that both courts have provided Davis with multiple opportunities for his claims to be heard through

pleadings and court hearings. Judge Atlas warned Davis that he would be subject to sanctions if he refiled his claims. *See* Memorandum and Order, *Davis 2017*, 2018 WL 3589087, at *1 (S.D. Tex. June 14, 2018). Thirteen months later, Davis attempted to revitalize the previously resolved *Davis 2014* with a fifth amended pleading. Eleven months after that, Davis recycled his fifth amended pleading into his original complaint in the current case. This court again cautioned Davis about his attempts to relitigate claims previously decided on the merits. To date, alternative sanctions have not deterred Davis from filing the same claims against Defendants over and over. The court recommends sanctions in the form of a pre-filing injunction based on Davis's status as a vexatious litigant.

### 4. Conclusion

The court previously granted leave to amend and determines that further amendment would be futile. Because res judicata and collateral estoppel bar Davis's claims, Davis has failed to state a claim upon which relief may be granted. The court recommends that Defendants' motion to dismiss (D.E. 23) be granted and that the case be dismissed with prejudice.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual

findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 23, 2021.

_____
Peter Bray
United States Magistrate Judge